**Amarjit KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74950.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Robert M. Loeb, Esq., H. Thomas Byron, III, Esq., U.S. Department of Justice Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

MEMORANDUM **

Amarjit Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of deportation, and protection under the Con-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vention Against Torture ("CAT"). We review for substantial evidence, *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000), and we deny the petition for review.

The IJ's adverse credibility findings are supported by substantial evidence, because Kaur testified inconsistently to the event central to her claim. *See Li v. Ashcroft,* 378 F.3d 959, 963 (9th Cir.2004). In addition, the IJ properly found that Kaur failed to provide corroboration to support her claim. *See Chebchoub v. INS,* 257 F.3d 1038, 1045 (9th Cir.2001).

In the absence of credible evidence, Kaur has failed to show eligibility for asylum or withholding of deportation. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Kaur's claims under CAT are based on the same facts that the IJ found to be not credible, and Kaur points to no other evidence the IJ should have considered, she has failed to establish that the record compels a finding of eligibility for CAT relief. *See id.* at 1157.

Finally, Kaur failed to show that her due process rights were violated by the quality of the translation services provided to her at the hearing. *See Singh v. Ashcroft,* 367 F.3d 1139, 1144 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**